Filed 7/31/14  P. v. Figueroa CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GREGORIO FIGUEROA,<br><br>    Defendant and Appellant. | F066755<br><br>(Super. Ct. No. BF143507B)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey and John R. Brownlee, Judges.[†]

Gabriel C. Vivas, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Charity S. Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Kane, J., and Peña, J.

[†]    Judge Humphrey presided over appellant's hearing pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.  Judge Brownlee presided over appellant's trial.

**INTRODUCTION**

On September 17, 2012, an information was filed alleging that appellant, Gregorio Figueroa, possessed drugs in jail (Pen. Code, § 4573.8, count 1)[1] and possessed drug paraphernalia in jail (§ 4573.8, count 2). The information also alleged two prior prison term enhancements (§ 667.5, subd. (b)). On October 25, 2012, the court conducted an in camera hearing to review the personnel files of three sheriff's deputies pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). The court denied the appellant's *Pitchess* motion.

At the conclusion of a jury trial on November 20, 2012, appellant was convicted of count 1 and acquitted of count 2.[2] In a bifurcated proceeding, the trial court found the prior prison term enhancements to be true. On February 13, 2013, the trial court sentenced appellant to a term of eight months on count 1 plus a consecutive term of two years (one year for each prior prison term enhancement). The court also imposed various fines and fees.

On appeal, appellant seeks independent review of the sheriff's deputies' personnel files pursuant to *Pitchess*. Appellant also contends the trial court erred in excluding evidence that was not disclosed to the defense during pretrial discovery. We find no error and affirm the judgment.

**FACTS**

On August 13, 2012, appellant was in jail at the Kern County Central Receiving Facility. Sheriff's Deputy Gabriel Lopez was on duty in the jail at 4:50 a.m. that day. Lopez looked into cell B3-6 through one of two one-way windows, or portholes, where

---

[1]     Unless otherwise indicated, statutory citations refer to the Penal Code.

[2]     Appellant's codefendant, Randy Cortez, was also found guilty of count 1 and was acquitted of count 2.

appellant was housed with other inmates. The lights stay on 24 hours a day in this section of the jail. As Lopez looked into the cell, he saw appellant standing on top of a toilet reaching around a ventilation duct over the toilet. Appellant then stepped down from the toilet.

Appellant's conduct seemed suspicious so Lopez called for assistance on his radio from Deputies Brandon Routh and Anthony Avila and told them what he had seen. Routh and Avila responded to assist with the investigation. Routh got on the jail intercom speaker system and said that bail had been posted for appellant. After the announcement, appellant reached underneath his pants and boxer shorts and pulled a plastic bag from his buttocks.

Appellant handed the bag to his codefendant, Cortez, who was sitting on the bottom of a bunk bed. Cortez grabbed one of his socks, stuck the bag into the sock, and threw the sock to the top bunk. The bag was retrieved. It contained crystal methamphetamine.

Routh testified at trial that while Lopez was doing a deck check, he called Routh over after he saw appellant standing suspiciously on top of a toilet in his cell. Routh looked into the cell through one of two portholes into the cell and saw appellant and codefendant Cortez interacting in front of the cell window. At this juncture during Routh's testimony, Cortez's counsel, joined by appellant's counsel, lodged an objection to Routh's testimony concerning the interaction of the two defendants because it had not been revealed to the defense during pretrial discovery. The court initially overruled the objection so that it could be put on the record outside the presence of the jury.

Routh elaborated on his testimony, explaining that when he saw the defendants interacting with one another, they were talking. It was after Routh saw the two defendants talking to each other that he employed the ruse of using the intercom to say bail had been posted for appellant. Appellant and Cortez were removed from the cell.

3

Routh and Avila searched the cell. Routh found a glass methamphetamine pipe in the bunk farthest from the entrance and closest to the back wall.

Outside the presence of the jury, the court addressed the defense objection to Routh's testimony based on the prosecution's failure to comply with pretrial discovery. Cortez's counsel was particularly concerned about learning that the two defendants had been interacting with each other and moved to strike the testimony. Appellant's counsel joined in the motion. The prosecutor explained that two days before at 5:30 p.m. in his office the prosecutor had a conversation with the deputies concerning the types of questions he would ask them. The deputies did not go into the specifics of what happened.

The prosecutor explained further that the prior morning, he contacted Routh and learned more specifically about what Routh saw in the cell. It was then that the prosecutor learned Routh had seen a conversation between the two defendants. The prosecutor informed defense counsel of what he had learned the day before. The prosecutor further explained that Routh did not prepare a report of the incident, which had been prepared by Avila. There was no other report or information that the prosecutor had obtained earlier.

The trial court asked defense counsel for Cortez if he would have handled the case differently had he received this information earlier. Counsel said he did not obtain information about the other inmates in the cell until a week or a week and a half before. Counsel could not say definitively that having this information earlier would have changed his defense. Defense counsel described this aspect of the testimony as an inconsistency between Deputies Avila and Routh. Counsel for Cortez stated to the court that he was not accusing the prosecutor of any type of impropriety.

The court observed that this information was not "so earth shattering" that it caught the defense flatfooted. The court noted defense counsel could cross-examine

4

Routh and denied the motion. The court thought that although the information should have been disclosed earlier, it was not something that rose to the level of requiring exclusion or an admonishment to the jury.

## *PITCHESS* HEARING

Pursuant to *Pitchess, supra,* 11 Cal.3d 531 and *People v. Mooc* (2001) 26 Cal.4th 1216, we have reviewed the sealed personnel files for Deputies Lopez, Routh, and Avila that were viewed in camera by Judge Humphrey during the October 25, 2012, discovery hearing. We find no discoverable information in these files and find no error in the trial court's denial of appellant's *Pitchess* motion.

## ALLEGED VIOLATION OF DISCOVERY RULES

Appellant contends the prosecutor failed to comply with discovery rules and that the trial court erred in failing to exclude testimony from Deputy Routh. Appellant argues that the prosecutor waited to disclose the deputy's testimony until the last minute and conducted a "trial by ambush." We disagree with appellant's characterization of what occurred at trial.

A prosecutor must disclose expert reports to the defendant or defense counsel. (§ 1054.1, subd. (f).) There are two statutory time limitations for section 1054.1 disclosures. (§ 1054.7.) One applies to "material and information" that "becomes known to, or comes into the possession of, a party within 30 days of trial." (*Ibid.*) For this type of material and information, disclosure must generally occur "immediately." (*Ibid.*) Other disclosures must be made at least 30 days prior to trial, unless good cause is shown. (*Ibid.*) Deputy Routh's information was material information. Therefore, section 1054.7 required the prosecutor to disclose the report "immediately," which he did as soon as he learned it himself. Because the prosecution complied with section 1054.7, the disclosure was not late. (§ 1054.7; *People v. Rutter* (2006) 143 Cal.App.4th 1349, 1353-1354.)

5

Before the remedy of exclusion is used, there must be a showing of significant prejudice and willful misconduct.  (See *People v. Gonzales* (1994) 22 Cal.App.4th 1744, 1758-1759.)

As we explained in *People v. Hammond* (1994) 22 Cal.App.4th 1611 (*Hammond*), the prosecution does not have a "general obligation to gather evidence." (*Id.* at p. 1624.) Also, there is "a significant difference between failure to gather evidence immediately or to find all evidence that might subsequently become important and willful failure to comply with discovery orders." (*Id.* at p. 1623.)  The trial court's ruling was precisely in-line with our observations in *Hammond*:

> "A trial is not a scripted proceeding.…  [D]uring the trial process, things change and the *best laid strategies and expectations may quickly become inappropriate … events that did not loom large prospectively may become a focal point in reality*. Thus, there must be some flexibility.  After all, the '"true purpose of a criminal trial"' is '"the ascertainment of the facts."' [Citation]" (*Id.* at p. 1624, italics added.)

Deputy Routh did not file a written report.  The prosecutor did not talk with him until the eve of trial.  Even then, the prosecutor did not learn what Routh had seen through the jail cell porthole until the first day of trial.  Routh immediately disclosed this information to defense counsel.  There is simply no evidence in this record that defense counsel intentionally withheld information from the defense or tried to conceal the information to place the defendants at a strategic disadvantage.

Routh was not called as a witness until the second day of trial.  Even assuming the recently discovered information was material, we agree with the trial court's observation that late disclosure was not "earth shattering."  The fact that appellant had a conversation with Cortez is not nearly as inculpatory as appellant's conduct just prior to that of standing on a toilet in the jail cell to apparently retrieve something from a ceiling and later  retrieving methamphetamine from his underwear.  The defense had time prior to Routh's testimony to prepare questions for cross-examination and, in fact, cross-

6

examined Routh. We reject appellant's speculation that given more time, defense counsel could have more rigorously cross-examined Routh.

We also do not find there was a significant difference, as alleged by appellant, between the observations of Deputies Avila and Routh even though Avila did not see the two defendant's conversing with each other. Any differences in what the deputies observed are attributable to the fact that they were not always looking simultaneously through the portholes. There were likely differences in what the two deputies observed.

The facts of this case are straightforward and not complex. The defendant was caught in his jail cell with methamphetamine. Appellant has failed to show willful misconduct or significant prejudice due to the belated discovery of an additional observation by Deputy Routh. We find that there was not a willful failure by the prosecution to comply with the discovery statutes and procedures. We further find that the prosecutor complied with discovery in a timely manner as was reasonable under the facts of this case and the new information provided to Routh did undermine or unduly prejudice appellant's defense.

**DISPOSITION**

The judgment is affirmed.